UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MINISTER AAKHU MAA, in propria persona,
Sui Juris Authorized Representative [REGINALD
CLIFFORD KELLY]; MINISTER RA MAA NU
AMEN, in propria persona, Sui Juris.,

                     Plaintiffs,

    - against -

SUPREME COURT OF THE STATE OF NEW
YORK, COUNTY OF QUEENS; DAVID
ELLIOT; DEUTSCHE BANK; NATIONAL
TRUST COMPANY; FREKEL LAMBERT
WEISS; WEISMAN & GORDON,

                     Defendants.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
11-CV-6044 (RRM)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ DEC 30 2011 ★
BROOKLYN OFFICE

ROSLYNN R. MAUSKOPF, United States District Judge.

Plaintiffs Minister Aakhu Maa ("Maa") and Minister Ra Maa Nu Amen ("Amen"), appearing *pro se*, filed this "Writ of Quo Warranto/Writ of Prohibition" on December 7, 2011. (Doc. No. 1.) Plaintiffs' requests to proceed *in forma pauperis* are granted solely for the purpose of this Order, but the action is hereby dismissed.

## BACKGROUND

Plaintiffs bring this action apparently seeking this Court's review of or intercession in a 2008 state court action in the Supreme Court of New York, Queens County, index number 20335/2008. While the basis for this Court's jurisdiction and for their claim is utterly unclear despite a thorough reading of the complaint, plaintiffs evidently challenge defendant Elliot's (whom plaintiffs identify as "a magistrate") authority to act against them. The complaint recites the elements of a fraud claim and a writ of prohibition, un-attributed language from Article III, section 2 of the United States Constitution (a portion of which was changed by the Eleventh

Amendment), and concludes with a request for the following relief:

> Before the state of NY can move forward, this controversy at law must be settled by a at law/Article III Court acting under the judicial power, to make a lawful determination between the state of New York, determination of the law and that of the petitioner. This actions seeks the court to issue a writ of mandamus compelling David Elliott to honor my inalienable and constitutional rights and my status at law; and all claims, petitions, suits, and filings be brought before this court by special jury with national peers or dismissed and expunged, (within 15 days upon receipt of this writ, to prohibit further oppression of the affiant).

Plaintiffs alternatively seek "$58,001.06 from each party in their official, individual and private capacities." Plaintiffs attach a document not referenced in the complaint entitled "Writ for the: Al Seisin in Deed" which identifies land in Queens which the plaintiffs have "seize[d] . . . in the name of the Moorish Nation."

## DISCUSSION

The Court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

However, pursuant to the *in forma pauperis* statute, a district court must dismiss a case if the court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is frivolous when "either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v.*

*Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotations and citations omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Moreover, Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff to provide "(1) a short and plain statement of the grounds for the court's jurisdiction . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* "[A] plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and citations omitted).

This complaint fails to provide any basis for this Court's jurisdiction or state a claim for relief. The Court finds that the allegations are incomprehensible, and thus determines that the action "is frivolous or malicious" and must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(I). To the extent it may seek intervention in ongoing state court proceedings regarding transfer or foreclosure of property, this Court may not intercede in such state law matters. *Younger v. Harris*, 401 U.S. 37 (1971); *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002). To the extent this action may seek review of a state court judgment, it would be barred by the *Rooker-Feldman* doctrine. *Hoblock v. Albany County Bd of Elections*, 422 F.3d 77, 83 (2d Cir. 2005). To the extent it seeks to differentiate plaintiffs' status

3

from other citizens and require separate treatment as Moorish Nationals, such arguments have uniformly been rejected in the district courts. All citizens of the United States are subject to American laws. Moreover, plaintiffs have not made any showing that they are entitled to an extraordinary writ or satisfy the dictates of Rule 8 of the Federal Rules of Civil Procedure.

The Court has considered affording plaintiff an opportunity to amend the complaint. However, because the deficiencies in the complaint are not such that could be cured by amendment, the Court concludes that it would be futile to grant leave to amend. *See O'Hara v. Weeks Marine, Inc.*, 294 F.3d 55, 69 (2d Cir. 2002) ("a district court may deny leave to amend the complaint if the amendment would be futile").

## CONCLUSION

For the reasons set forth above, the complaint is dismissed as frivolous. 28 U.S.C. § 1915(e)(2)(B)(I). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
December 30, 2011

ROSLYNN R. MAUSKOPF
United States District Judge